(Court of Appeal, Parish of Orleans.)

## J. F. BOURGES VS. NEW ORLEANS & NORTHEAST-ERN RAILROAD COMPANY.

1. An act of partition is not an act translative of but only declaratory of property; it does not create a new title or give a new possession and does not serve as a basis for the prescription of ten years.
2. While it is the general rule that parties will not be permitted to deny their judicial allegations yet it must appear that such allegations were successfully pleaded, or that they were acted upon by the parties invoking them.
3. In construing the effect of such allegations, the Court may properly consider testimony received without objection.

Appeal from Civil District Court, Division "E."

W. W. Wall, for Plaintiff and Appellant.

H. H. Hall, for Defendant and Appellee.

DUFOUR, J. In answer to this petitory action defendant sets up a purchase from the Milne estate and further avers "that during the year 1882, respondent took corporeal possession of the right of way thus sold, constructed its line of railway thereon and has remained in open and manifest possession of the same from that year to the present time, continually operating its railroad over the said right of way." It further disclaims title to any portion of the property beyond the two hundred feet covered by its right of way, and pleads the prescription of ten years.

The plaintiff's argument is that his title is anterior and should prevail, that defendant's title is founded on a partition, and that, under the ruling in 45 An. 779, an act of partition is not an act "translative of but only declaratory of property; it does not create a new title or give a new possession and does not serve as a basis for the prescription of ten years."

The contention is correct to the extent that the title of defendant's author of date, 1845, is the mere record of a partition, and hence, the plaintiff's title, which is translative of property and was recorded in 1860, must be deemed the elder title.

But defendant's title of 1882 is on its face translative of prop-

city and sufficient as a basis for the prescription of ten years.

The plaintiff claims that parties by the name of Leroy and Gauthier, respectively, and not the railroad, have been in possession of part of the property now in controversy.

The claim is based on a certain judicial admission in a previous suit, in which the railroad company, after averring that Leroy and Gauthier "had *under license from your petitioner* constructed buildings upon its right of way," had amended, on the plea of clerical error, and averred that Leroy and Gauthier had acted *"without* license from your petitioner." While it is the genral rule that parties will not be permitted to deny their judicial allegations, yet it must appear that such allegations were successfully pleaded, or that they were acted on by he parties invcking them. 47 An. 517, Id. 841.

No such showing is made here, and it does not even appear that the suit in which the admission was made and which was filed long after the prescription period had elapsed was ever brought to judgment. But even, if there were otherwise an estoppel the uncontradicted testimony *received without* objection shows the true state of facts to be substantially as follows:

In 1882, the defendant company began clearing, digging, piling, building trestle work and road beds and putting up telegraph and telephone poles on ther ight of way, and from that time to this these tokens of physical possession have continuously remained.

Once every year the right of way in its entirety has been cleared of brush or growth of every kind.

The huts of Gauthier and Leroy were put up with the permission of ther ailroad company at the time that "they were practically watchmen, when the work was a trestle instead of an embankment and when they were of service sometimes in putting out fires."

Under the circumstances, we are clearly of opinion that the plea of prescription of ten years based on possession in good faith under a title translative of property is well founded, and that plaintiff's demand was properly rejected.

Judgment affirmed.